M’Girk, C. J.,
delivered the opinion of the Court.
Menard brought an action by summons and petition against Wilkinson on a note. The petition alledges that the plaintiff holds a note on Wilkinson for a certain sum, setting the note out. Then the petition says, on which said note is the following assignment, to-wit: the words Edward Gant, whereby the plaintiff hath become the proprietor thereof, of which the defendant had due notice, yet the said debt remains unpaid, wherefor the plaintiff prays judgment. The defendant pleaded nil debet.
On the trial the plaintiff offered to read his note with the assignment in evidence, to which the defendant objected, on the ground that the endorsement being in blank, it did not appear to give any title to the plaintiff. The Court sustained the objection. The plaintiff then filled up the blank endorsement and again offered the note in evidence, to which the defendant again objected on the ground that the assignment on the note varied from that set out in the petition. The Court sustained the objection and gave judgment for the defendant.
It is assigned for error, that the Court rejected the note in evidence. On what legal ground the first objection was made and sustained we do not perceive. The petition and the assignment on the back of the note, did correspond. The only question that did arise at the moment the note was offered, was, did the proof support the allegation of assignment in the declaration ? The proof should have been admitted for as much as it was worth. The Court did not err in rejecting the note and assignment in full afterwards offered. The evidence did vary from the allegation. Yet this judgment cannot be reversed. The judgment is for the right party.- The petition is defective, and if the evidence first offered had been admitted, yet the judgment would have been arrested. The petition does not show any assignment of the note to the plaintiff.
The petition says the plaintiff holds a note on the defendant, and then it says the note was endorsed in blank by the payee, whereby the plaintiff became the proprietor. The statute on this subject says the petition shall say the plaintiff holds a note on the defendant, and the note is to be set out in substance, and the petition shall set out the assignment. A blank endorsement is only a power to the lawful holder to *68 make an assignment to himself, by filling up the blank. See 1 Missouri Decisions 478, Rector v. Wiggins and the authorities there cited. But until it is filled up, there is no assignment.
The judgment of the Circuit Court is affirmed with costs, &c.